Jeffrey **HALLIBURTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–95–00250–CR, 04–95–00251–CR.

Court of Appeals of Texas, San Antonio.

July 31, 1996.

Rehearing Overruled Sept. 4, 1996.

Michael R. Latimer, Law Offices of Michael R. Latimer, Boerne, for appellant.

Jennifer B. Rosenblatt, Assistant District Attorney, Jourdanton, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

HARDBERGER, Justice.

This appeal involves a criminal defendant's waiver of the right to counsel. Appellant Halliburton was charged with criminal mischief causing a loss of $750 or more but less than $20,000. There was also an enhancement paragraph alleging that prior to the commission of the offense he had been placed on probation following a conviction for forgery. The probation was revoked. The jury found Halliburton guilty of criminal mischief. The jury assessed his punishment at 17 years confinement and a fine of $3,500.

### Waiver of Counsel

In his first point of error, Halliburton asserts that the record fails to show that he knowingly and intentionally waived his right to counsel or invoked his right to self-representation. On October 11, 1994, Halliburton appeared before the Hon. Stella Saxon and the following exchange took place:

> Court: You're saying to this court that you would like to represent yourself in this matter?

Witness: Well, I would like to have different counsel, but if that is not an option, then I would like to represent myself.

Court: You're telling this Court that your decision to represent yourself is an informed and purposeful decision that you have made after careful consideration?

Witness: After consideration, my choice was either Mr. Futrell or to represent myself and I choose to represent myself.

Judge Saxon then went on to inquire about Halliburton's age, educational background and warned him about the various risks and dangers associated with self-representation.

On December 5, 1994, Halliburton's case was called for trial by the Hon. Olin Strauss. The judge stated that it was his understanding that Halliburton had chosen to represent himself. Halliburton stated that he had not chosen to represent himself but instead had been given the option of continuing with his current court-appointed attorney or representing himself. Halliburton told the judge that what he really wanted was a different court-appointed attorney. The judge asked Halliburton why his current attorney should be removed from the case. Halliburton said that when he asked Futrell about getting out of jail, Futrell responded by relaying the district attorney's statement that Halliburton wasn't getting out of jail because he was afraid he would shoot somebody. Understandably, the trial court found that there was no good cause for removing Futrell as the attorney in the case.

The trial judge then asked Halliburton numerous questions about his age, ability to hire an attorney of his own choosing and his feelings about his ability to conduct his own defense. Judge Strauss also gave Halliburton extensive warnings about the dangers of self-representation. He also stated that Futrell would act as standby counsel and could give him advice about rules of evidence and procedural matters. Halliburton chose to proceed under these conditions.

It is well settled that an indigent accused cannot manipulate his right to counsel so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *See Hubbard v. State,*

739 S.W.2d 341, 344 (Tex.Crim.App.1987); *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim.App.1976). "An accused does not have the right to have his own choice of appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reason for the appointment of new counsel, he must accept the counsel appointed by the court." *Garner v. State*, 864 S.W.2d 92, 98 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); *see also Renfro v. State*, 586 S.W.2d 496, 499–500 (Tex.Crim. App. [Panel Op.] 1979). A trial judge is under no duty to search until he finds an attorney agreeable to an indigent defendant. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim.App. [Panel Op.] 1982).

In addressing the issue presented in this appeal, the Texas Court of Criminal Appeals has said this:

> A trial court has essentially three options when confronted with an accused who makes an eleventh hour request for change of counsel. First, at its discretion the court can appoint, or allow the accused to retain, new counsel. Second, should the trial court deny new counsel, and the accused unequivocally assert his right to self-representation under *Faretta*, persisting in that assertion after proper admonishment, the court *must* allow the accused to represent himself. Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not.... In this cause, given the option to proceed with unwanted counsel or to represent himself, and adequately admonished as to the dangers and disadvantages, Archie persisted in his assertion of his right to self-representation. Implicit in that assertion is a valid waiver of the right to counsel. *We perceive nothing unfair in putting an accused to this choice, so long as the trial court is satisfied he is competent to make it, and that he does so informedly and with his eyes open.*

*Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex.Crim.App.1991) (emphasis added).

In this case, Halliburton was put to the same choice and persisted in his assertion of self-representation. As the court of criminal appeals stated, Halliburton impliedly waived his right to counsel under these circumstances. Halliburton, in two separate hearings before two different judges persisted in asserting his right to self-representation when given the choice between proceeding with who he considered unacceptable counsel and self-representation. At both hearings, Halliburton was given extensive warnings about the dangers of self-representation. Halliburton made an effective waiver of counsel. The trial judge did not err in putting Halliburton to this choice.

Halliburton also complains that the trial court failed to conduct a "searching and penetrating" inquiry into the defendant's understanding of his waiver of counsel and the dangers of self-representation. In particular, Halliburton argues that the trial court failed to advise him of the range of punishment. According to Halliburton, this omission is reversible error.

When an accused asserts his right to self-representation, a trial judge need follow no "formulaic questioning" or particular "script" to assure himself that an accused is asserting this right with his eyes open. *Burgess v. State*, 816 S.W.2d 424, 428 (Tex.Crim.App. 1991); *Johnson v. State*, 760 S.W.2d 277, 278 (Tex.Crim.App.1988); *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex.Crim.App.1984). The only requirement is that the record "contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make 'an assessment of his knowing exercise of the right to defend himself'". *Burgess*, 816 S.W.2d at 428; *see also Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

Halliburton was given two sets of extensive warnings by two different judges. The admonishments were detailed and covered numerous issues. The trial court did not admonish Halliburton about the range of punishment. However, Halliburton has failed to identify any cases which make this specific admonishment an absolute requirement such that the failure to give it results in

an automatic reversal. In this case, the record supports the finding that Halliburton's waiver of counsel was made knowingly and intelligently. This was sufficient.

Finally, Halliburton complains that the trial court did not comply with Article 1.051(g) of the Texas Code of Criminal Procedure. According to Halliburton, either the waiver itself must be signed and made a part of the record or the trial judge must put into the record a statement which is substantially similar.

 The written waiver provided in Article 1.051(g) of the Texas Code of Criminal Procedure is not mandatory. *Burgess v. State,* 816 S.W.2d at 431. However, the record must be sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers of self-representation. *Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Crim.App.1992). In *Goffney,* the court was faced with no record of the defendant's waiver and no record of admonishments concerning the waiver of the right to counsel. The only evidence of the defendant's waiver of right to counsel was a notation in the docket sheet. *Id.* at 584. The court held that the record must contain admonishments of the dangers and disadvantages of self-representation. *Id.* at 585. *Goffney* does not stand for the proposition that the written waiver in Article 1.051(g) must be signed and filed or given verbatim by the trial court and agreed to by the defendant on the record.

In the present case, the record is replete with extensive admonitions concerning the dangers and disadvantages of self-representation. It is well-settled that the type of admonishments given in this case are sufficient. *See, e.g., Burgess,* 816 S.W.2d at 429; *Johnson v. State,* 760 S.W.2d 277, 278 (Tex. Crim.App.1988); *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App.1984). We overrule Halliburton's first point of error.

### Termination of Self–Representation

 In his second point of error, Halliburton argues that the trial court erred in not ending the self-representation. According to Halliburton, the record reveals that he did not actually proceed with self-representation. Halliburton points to the fact that on several occasions during the trial he would state "For the record, I would like to state that I am not an attorney and this is a conspiracy to deny me of my civil rights."

Halliburton cites four federal cases in support of his second point of error. Of the four cases, only *United States v. West,* 877 F.2d 281, 287 (4th cir.1989), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989) comes close to addressing this point of error. However, the issue in *West* was whether the trial court erred in terminating the defendant's pro se representation. In that case, the pro se defendant during his opening statement accused the district court of being part of the "home team" along with the prosecuting attorney. He also accused the court of imposing upon him a presumption of guilt. The court of appeals held that the district court did not err in terminating the defendant's self-representation under those conditions. *Id.* at 287. *West* does not hold that the trial court would have erred had he not terminated the defendant's self-representation. Halliburton fails to cite to any applicable authority supporting his contention that the trial court erred in failing to terminate the defendant's self-representation in this case. We overrule appellant's second point of error.

### Ineffective Assistance of Counsel

 In his third point of error, Halliburton complains that there was ineffective assistance of counsel. Halliburton argues that a part of the general and specific voir dire was conducted in a separate proceeding. Accordingly, the entire voir dire was not recorded and thus this was ineffective assistance of counsel.

The record indicates that there was an earlier voir dire proceeding which was not brought forward as a part of the record of this appeal. There are a number of references to events which are not shown in this record. According to Halliburton, his court-appointed attorney was still acting as his attorney at that point. Halliburton charges the court-appointed attorney should have requested the earlier part of the voir dire be

recorded. The better practice is to bring everything forward for review, but it is not clear (1) who was in charge of the defense effort at that time, or (2) what harm was done by not ordering the voir dire.

 Halliburton's assumption that the court-appointed attorney was still acting as his attorney during the apparent earlier voir dire is not shown in the record. Halliburton had already asserted his right to self-representation at the October 11 hearing before Judge Saxon. He asserted the right again before Judge Strauss just prior to trial in December. There is nothing in the record which indicates when this earlier voir dire took place and whether Futrell, the court-appointed attorney, was acting as appellant's attorney. The appellant's allegations of ineffective assistance must be firmly founded or supported in the record. *See Harrison v. State,* 552 S.W.2d 151, 152 (Tex.Crim.App. 1977); *Faz v. State,* 510 S.W.2d 922, 926 (Tex.Crim.App.1974). It is the appellant's burden to bring forward a record demonstrating reversible error. TEX.R.APP.P. 81(b)(2). Halliburton has failed to bring forward a record demonstrating that Futrell was acting as his attorney at this earlier unrecorded proceeding.

Furthermore, in order to prevail on a claim of ineffective assistance of counsel appellant has the burden of demonstrating that but for counsel's deficient performance, the trial's result would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Rico v. State,* 707 S.W.2d 549 (Tex.Crim.App.1983). Appellant has made no effort to show that counsel's performance prejudiced his defense. He merely claims that the voir dire should have been recorded. He fails to demonstrate how he has been harmed by this omission. He fails to demonstrate that he had an objection to any of the jurors who sat on the jury. He fails to identify any potential jurors that were improperly struck. He makes no *Batson* challenges. Appellant has simply made a bare allegation that counsel failed to have a portion of the voir dire

recorded. This is not sufficient. We overrule appellant's third point of error.

The judgment of the trial court is affirmed.