NO. 07-01-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 3, 2002
_____

JOHNNY VERNON SCOTT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3134; HON. DAVID MCCOY, PRESIDING
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Johnny Vernon Scott (appellant) appeals his conviction for felony Driving While Intoxicated (DWI). Via five points of error, appellant contends that the trial court erred in 1) finding that "appellant was capable of representing himself," 2) failing to "have appellant sign a written waiver of attorney pursuant to Texas Code of Criminal Procedure Article 1.051(g)," and 3) "failing to conduct a separate hearing as to appellant's competency to stand trial." Lastly, appellant argues that the evidence was legally and factually insufficient to support 1) his competency to stand trial and 2) his conviction for DWI. We affirm.

### Background

Upon trial by a jury, appellant was convicted of felony DWI. Prior to the time the proceeding commenced, the trial court held a hearing to determine whether appellant could sufficiently represent himself. It determined he could. However, during voir dire, appellant mentioned, while attempting to explain that other reasons may exist for one to appear intoxicated, that he had been diagnosed as being a "paranoid schizophrenic" and classified as "bipolar." Shortly thereafter, and outside the presence of the jury, the trial court questioned him about his comments regarding his mental condition. Appellant indicated that while he was on medication for those conditions, he nonetheless felt capable of representing himself. Thereafter, the trial court allowed him to continue *pro se*.

### Points One and Two: Self-Representation

In his first two points of error, appellant contends that the trial court erred in allowing him to represent himself 1) when it failed to secure a written waiver from appellant complying with art. 1.051(g) of the Texas Code of Criminal Procedure and 2) upon hearing that appellant was a paranoid schizophrenic and bipolar. We overrule the points.

As to the matter about failing to execute a written waiver, statute does direct the court to provide the defendant with a written statement wherein 1) he acknowledges being advised about his right to counsel, appointed or otherwise, and 2) agrees to waive same. TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2002). This is to be done *after* the court admonishes the defendant about the dangers and disadvantages of self-representation and determines that the waiver is voluntary and intelligent. *Id.*; *Burgess v. State*, 816 S.W.2d 424, 430-31 (Tex. Crim. App. 1991). Yet, compliance with the statute

2

is not mandatory; nor does it render an otherwise voluntary and intelligent waiver defective. *Burgess v. State*, 816 S.W.2d at 430-31; *Halliburton v. State*, 928 S.W.2d 650, 653 (Tex. App.--San Antonio 1996, pet. ref'd). So, appellant's contention that the waiver at bar was involuntary simply because the trial court did not comply with art. 1.051(g) is incorrect and rejected.

As to the matter of appellant being a paranoid schizophrenic and bipolar, he argues that these conditions prevented him, *ipso facto*, from intelligently and voluntarily waiving counsel. No authority is cited for the proposition. Furthermore, it has been held that evidence of mental impairment, such as schizophrenia, alone does not raise a *bona fide* question regarding one's competency to stand trial, understand the proceedings, or assist in his defense. *Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999). If it does not create an issue in those respects, it alone does not create a *bona fide* issue regarding one's mental competency to waive counsel. This is especially so when the defendant is taking medication to control his mental condition, as appellant was here. So, we reject the notion suggested by him that evidence of schizophrenia and bipolarity in and of themselves bar one from waiving counsel.

Nonetheless, we reviewed the record to determine whether the trial court admonished appellant about the dangers and pitfalls inherent in self-representation and discovered that it did so. So too did we discover that the trial court obtained information about 1) appellant having represented himself in one or two other criminal prosecutions, 2) his twelfth grade education, and 3) his having to comply with the same standards of conduct as those followed by licensed attorneys. From this, we conclude that evidence

3

exists supporting the trial court's finding that the waiver was voluntary, knowing, and intelligent.

***Points Three, Four and Five***

In points three, four and five, appellant addresses his competency to stand trial. He not only urges that the trial court erred in failing "to conduct a separate hearing" to determine that question but also decries the lack of legally and factually sufficient evidence to evince his competency. We again overrule these points.

As to points four and five, appellant failed to brief them. Instead, he merely discussed the evidence about his paranoid schizophrenic and bipolar conditions and contended that it alone created a *bona fide* issue about his competency to stand trial. And, because it created such an issue, the trial court was obligated to conduct a hearing to determine competency. Because he did not brief his fourth and fifth points, they were waived. *Vasquez v. State,* 22 S.W.3d 28, 31 (Tex. App. - - Amarillo 2000, no pet); TEX. R. APP. P. 38.1(h).

As to the matter of the trial court's purported need to conduct a separate competency hearing, we refer to the holding of the Texas Court of Criminal Appeals in *Moore*. Again, evidence of mental impairment, such as schizophrenia, alone does not raise a *bona fide* question regarding one's competency to stand trial. *Moore v. State*, 999 S.W.2d at 395. So, we reject the proposition that simply because the trial court received information that appellant was bipolar, paranoid, or schizophrenic, it was obligated to conduct a separate hearing to assess his competency to stand trial.

4

### *Points of Error Six and Seven*

In his final two points, appellant contends that the evidence was both legally and factually sufficient to support his conviction. In each instance, he posits that the evidence illustrated his impairment was caused by his mental condition and medication being taken because of it, as opposed to the ingestion of alcohol. We overrule the points.

Of record we find evidence that: 1) the arresting officer received a dispatch informing him appellant was traveling the wrong way on a public highway; 2) the arresting officer located appellant by description and observed him weave and "bounce" off of the curb; 3) upon stopping and removing appellant from his car, the arresting officer smelled the odor of alcohol on appellant; 4) appellant stumbled upon exiting the car; 5) appellant failed to successfully complete various field sobriety tests; 6) appellant admitted that he had been "drinking"; and 7) the arresting officer noticed grass and weeds on the door panels which indicated appellant had been driving off the road or in a bar ditch. Furthermore, appellant admitted at trial that he had ingested several beers and a small amount of whiskey. The foregoing constituted some evidence upon which a jury could rationally conclude, beyond reasonable doubt, that appellant suffered from mental and or physical impairment due to the ingestion of alcohol while driving a motor vehicle. Accordingly, the verdict is supported by legally sufficient evidence.

Admittedly, the evidence mentioned in the preceding paragraph was not free of contradiction. For instance, appellant interrogated the arresting officer and established that the report the officer filed showed that the information he had received from dispatch concerned a white Cadillac when the car appellant drove was a Lincoln. Furthermore, appellant challenged the arresting officer's determination that appellant was intoxicated

5

due to the ingestion of alcohol. So too did appellant present evidence suggesting that his impairment, if any, was due to dehydration and his ingestion of medication.[1] Yet, such evidence merely created issues of fact for a jury to resolve. It did not overwhelm the evidence presented by the State evincing intoxication due to the ingestion of alcohol. Nor was it so weighty as to render the verdict clearly erroneous or manifestly unjust. Therefore, the verdict does not lack factually sufficient evidentiary support.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

---

[1] Interestingly, that appellant cross-examined the officer, uncovered a discrepancy in the report, used it in effort to impeach the officer, and proffered an explanation for his behavior strongly implies that he understood the nature of the proceeding and had the ability to assist in his defense. In other words, it constitutes some evidence supporting the conclusion that appellant was competent to stand trial.