**Affirmed; Opinion Filed December 4, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01072-CR

### THOMAS PAUL GILBERT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80015-2018**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Carlyle

A jury convicted appellant Thomas Paul Gilbert of possession of a controlled substance and assessed punishment at two years' confinement. In his sole issue on appeal, Mr. Gilbert contends the trial court "erred by allowing [him] to represent himself before the court and for his jury trial" because it failed to "ensure [he] made a knowing and intelligent waiver of his right to counsel" and "properly admonish [him] on the dangers and disadvantages of self-representation." We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### I. Background

Following Mr. Gilbert's August 2017 arrest for the underlying offense, the trial court appointed trial counsel for him. During an April 2018 pretrial hearing, Mr. Gilbert's counsel (1) requested that the trial court admonish Mr. Gilbert regarding his refusal to enter a plea and

(2) told the trial court Mr. Gilbert "indicates that he would like to represent himself and challenge the [trial court's] jurisdiction of him." After the trial court explained Mr. Gilbert's plea options to him, the following exchange took place:

APPELLANT: Okay. Then what about me representing myself pro se or habeas corpus?

THE COURT: Well, those are two completely different things, you know. And I'll tell you that because you recognize those as the same thing or that they're related to each other, all the more reason that you shouldn't represent yourself.
So here's what I will tell you about representing yourself. I'm going to be a little blunt. I don't want you to be offended by my bluntness, but I don't want to—I'm really blunt when it comes to people representing themselves and the warnings I give them. I want to make sure that it's crystal clear—I want to make sure it's crystal clear how incredibly bad idea that is, okay?
Under the law you absolutely have the right to represent yourself in a case like this. Under the law you also have the right to perform open heart surgery on yourself, right?

APPELLANT: Yes, sir.

THE COURT: That would be a really bad idea, wouldn't it?

APPELLANT: That would be bad, correct; yes, sir.

THE COURT: This is the legal equivalent of surgery. You are allowed to do it but it would be incredibly stupid. It would be one of the dumbest things you could ever have done or will ever do in your life, and it is a really, really, really, really, really bad idea. The law thinks that you should have an attorney. It's so important for you to have an attorney that if you can't afford one in a case like this, the government is going to give you a lawyer.

APPELLANT: Yes, sir, I understand.
. . . .
THE COURT: . . . So it is a really stupid moronic, idiotic idea to represent yourself. That's blunt to the point of almost insulting if not actually insulting. So I hope you understand it's not a good idea, right?

APPELLANT: Yeah. I appreciate your opinion on that and I respect it also.

THE COURT: Okay.

APPELLANT: However, how do I represent myself, pro se?

THE COURT: You need to figure that out.

APPELLANT: Okay.

THE COURT: That's the part you need to figure out. If you want to represent yourself in a case, every aspect of it, you need to figure out the way to make it happen.

APPELLANT: Yes, sir.

THE COURT: Okay? If you do that, I have to hold you to the same standard as a licensed attorney.

APPELLANT: Yes, sir, I understand that.

THE COURT: Okay? So imagine trying to be quarter back for the Dallas Cowboys—

APPELLANT: Yes, sir.

THE COURT: —and never having played football ever in your life?

APPELLANT: Wouldn't know the plays.

THE COURT: Right. You wouldn't know the rules. You wouldn't know the plays. You wouldn't know anything.

APPELLANT: Yes, sir.

THE COURT: You would get legally pummeled. It happens to people who represent themselves from time to time, but it is a really stupid idea, okay?

APPELLANT: Yes, sir.

At the end of that hearing, defense counsel told the trial court she would "just proceed on the case" until Mr. Gilbert files "whatever he's going to file."

From that point on, Mr. Gilbert proceeded pro se. During four subsequent pretrial status hearings, (1) Mr. Gilbert acknowledged that the State had provided him with discovery materials and other documents, including the indictment, and (2) the trial court spoke repeatedly with Mr. Gilbert regarding "how bad an idea" self-representation is.[1] Immediately prior to trial, the trial

---

[1] At one of those pretrial status hearings, the trial court and Mr. Gilbert stated:

court told Mr. Gilbert (1) "[w]hen you represent yourself, you have to follow the rules the same as anybody else who has a lawyer," and (2) "[o]ne of the downsides of representing yourself is sometimes you think you understand some of the rules and you may be mistaken."

## II. Appellant's Issue

Federal and state law guarantee a criminal defendant the right to assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; TEX. CONST. art. 1 § 10; TEX. CODE CRIM. PROC. art. 1.05; *Faretta v. California*, 422 U.S. 806, 818–820 (1975). "When a defendant asserts his pro se rights, analysis must center *not* on a traditional waiver of counsel analysis, but on whether the defendant is aware of the dangers and disadvantages of self-representation." *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988). The decision to waive counsel and proceed pro se is made knowingly and intelligently if it is made

THE COURT: . . . And you have previously indicated to the Court you wanted to represent yourself. I believe I've previously admonished you as to the dangers and disadvantages of that. We had a rather frank conversation—

APPELLANT: Yes.

THE COURT: —a while ago, correct?

APPELLANT: Yes.

THE COURT: And the purpose of these status conferences is I want to make sure that we don't get to the trial date or shortly before the trial date, and if you all the sudden back out and change your mind and realize you want an attorney, that we have been doing everything we need to do to make sure you have all the information you need. I've told you how difficult it can be—

APPELLANT: Yes, sir.

THE COURT: —to represent yourself on a matter of this nature, and how burdensome it can be to sift through all the material, figure out what you need to do. Despite that, you still wish to go forward on your own, correct?

APPELLANT: Yes, sir.
. . . .
THE COURT: So my docket entry reflects that [items from the State] have been tendered to [appellant] directly. And—
APPELLANT: And I state for the record I object to the motion to use prior convictions.

THE COURT: You can object to their use of them. You can lodge an objection. All that was being done here today was reflecting that they've given you a notice that they are going to try to do that.

APPELLANT: Okay.
. . . .
THE COURT: . . . There's something you can do to fight that.

APPELLANT: Yes, sir.

THE COURT: What that is, you have to figure out how to do that—

APPELLANT: Yes, sir.

with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997). In order to competently and intelligently choose self-representation, an accused "should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) (quoting *Faretta*, 422 U.S. at 835).

"[A] trial court need follow no formulaic questioning or particular script to assure itself that an accused who has asserted his right to self-representation does so with eyes open." *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). It is required only that the record "contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself." *Id.* (quoting *Faretta*, 422 U.S. at 836); *see also Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) ("When advising a defendant about the dangers and disadvantages of self-representation, the trial judge must inform the defendant that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights. But a trial judge has no duty to inquire into an accused's age, education, background or previous mental history in every instance where an accused expresses a desire to represent himself."). "The facts demonstrating the defendant's awareness must affirmatively appear in the record." *Geeslin v. State*, 600 S.W.2d 309, 314 (Tex. Crim. App. 1980).

Mr. Gilbert contends the trial court erred by allowing him to represent himself because the record does not show (1) any "basis for which the trial court could, prior to [his] obvious acts of self-representation, determine that Appellant was competent to intelligently and voluntarily waive his right to counsel"; (2) that the trial court advised him of the nature of the charges against him

and the possible criminal penalties which may be imposed; (3) "proper admonishments concerning pro se representation"; and (4) "paperwork filed in this case relating to Appellant waiving his right to counsel."

"The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." *Cudjo v. State*, 345 S.W.3d 177, 185 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The standard for waiving the right to counsel, generally, is no higher than that for competency to stand trial: "[1] whether [the accused] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and [2] whether he has a rational as well as factual understanding of the proceedings against him." *Id*. at 185–86 (quoting *Chadwick v. State*, 309 S.W.3d 558, 560 (Tex. Crim. App. 2010)). But there is a "mental-illness-related limitation on the scope of the self-representations right." *Id*. at 186. "That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." *Indiana v. Edwards*, 554 U.S. 164, 178 (2008).

"We review issues involving competency determinations for an abuse of discretion." *Ahere v. State*, No. 05-17-00737-CR, 2018 WL 6382059, at *2 (Tex. App.—Dallas Dec. 3, 2018, no pet.) (mem. op., not designated for publication). Mental competency is a mixed question of law and fact that turns on an evaluation of credibility and demeanor, so we must give almost total deference to the trial court's ruling on this issue. *Cudjo*, 345 S.W.3d at 186. We view the evidence in the light most favorable to the trial court's ruling and will imply any findings of fact supported by the evidence and necessary to support the trial judge's ruling when the judge failed to make explicit findings. *Id*.

Mr. Gilbert does not identify any mental illness affecting him or provide any record references exemplifying his incompetence to waive counsel or represent himself. During pretrial proceedings and at trial, Mr. Gilbert showed respect for the trial court, opposing counsel, and witnesses. He asked coherent questions prior to and while proceeding pro se and, at trial, asserted objections and defensive arguments. Mr. Gilbert does not explain, and the record does not show, how his performance or conduct demonstrated he lacked a "rational as well as factual understanding of the proceedings against him" or suffered from "severe mental illness" to the point where he was not competent to conduct trial proceedings. *See id.* at 186–87 (concluding that although trial court did not explicitly find appellant was competent to waive counsel, appellant's communications, questions, objections, respect for other participants, and ability to advance a defensive theory showed he was competent). Construing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion by impliedly finding Mr. Gilbert was competent to waive counsel and proceed pro se. *See id*. at 186. Further, any lack of documentation regarding Mr. Gilbert's right-to-counsel waiver is immaterial because self-representation does not require a written waiver of the right to counsel. *See Burgess*, 816 S.W.2d at 429 ("[W]hen an accused affirmatively asserts his right to self-representation under *Faretta*, a written waiver of the right to counsel is not required . . . ."); *Cudjo*, 345 S.W.3d at 184.

Next, we turn to Mr. Gilbert's contentions that the trial court did not properly advise and admonish him regarding self-representation. The record shows that prior to Mr. Gilbert's proceeding pro se, the trial court (1) informed him that there are rules governing trial and he would not be granted any special consideration solely because he asserted his pro se rights, and (2) told him that representing himself "would be one of the dumbest things you could ever have done or will ever do in your life" and "[i]t's so important for you to have an attorney that if you can't afford one in a case like this, the government is going to give you a lawyer." Mr. Gilbert (1) stated he

understood he would be held to the same standards as a licensed attorney and (2) acknowledged at a pretrial hearing that he had received a copy of the indictment. We conclude the record affirmatively shows the trial court properly advised and admonished Mr. Gilbert. *See Williams*, 252 S.W.3d at 356; *Geeslin*, 600 S.W.2d at 314; *see also Smith v. State*, No. 05-03-01282-CR, 2004 WL 1089206, at *8 (Tex. App.—Dallas May 17, 2004, no pet.) (mem. op., not designated for publication) (concluding trial court's failure to admonish pro se appellant about applicable punishment range does not, by itself, require reversal (citing *Halliburton v. State*, 928 S.W.2d 650, 652–53 (Tex. App.—San Antonio 1996, pet. ref'd))).

We conclude the trial court did not err by allowing Mr. Gilbert to represent himself in this case. We decide his issue against him and affirm the trial court's judgment.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
181072F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

THOMAS PAUL GILBERT, Appellant

No. 05-18-01072-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80015-2018.
Opinion delivered by Justice Carlyle.
Justices Pedersen, III and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of December, 2019.