**Earl Barrington BURGESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Paul Edward ARCHIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 0711–90, 1090–90.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1991.

---

**17.** BOLO is an acronym for "be on the lookout."

Tom Moran, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., and Kimberly Aperauch Stelter and Mark Ellis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW

CLINTON, Judge.

These petitions for discretionary review were granted, and consolidated, so that we could review rulings of two panels of the Fourteenth Court of Appeals upholding convictions of defendants who were allowed to represent themselves despite the failure of each to execute a written waiver of the right to counsel under Article 1.051(f) and (g), V.A.C.C.P. We are once again called upon in these causes to balance the accused's Sixth Amendment right to counsel against his independent Sixth Amendment right not to have counsel thrust upon him. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We will affirm both judgments, but for reasons different than those given by either panel of the court of appeals.

### IA.

Appellant Burgess was convicted of the offense of felony forgery and his punishment, enhanced with two prior convictions, was assessed at forty years. On appeal he contended that the record fails to show he knowingly and intentionally waived his right to counsel or invoked his right to self-representation. He also complained that there is no written waiver of his right to counsel as required by Article 1.051(g), supra. Over a month before trial appellant filed a motion to proceed pro se. The trial court inquired about appellant's age, education, and prior experience in a criminal courtroom, and admonished him of the dangers and disadvantages of self-representation. Appellant persisted in his desire to represent himself, and the trial court let him. The court of appeals concluded that the record was sufficient to establish appellant did invoke his right to self-representation after having orally waived counsel. We declined to grant review of this conclusion. As for appellant's claim that he should not have been allowed to represent himself without executing a written waiver of counsel pursuant to Article 1.051(g), supra, the court of appeals reasoned:

"Under the circumstances, we view the signed motion to proceed pro se as being in substantial compliance with the intent of TEX.CODE CRIM.PRO.ANN. art. 1.051(g). However, if there was error in not having a waiver prepared to more substantially conform with the exact printed text of TEX.CODE CRIM.PRO. ANN. art. 1.051(g), it was harmless beyond reasonable doubt."

*Burgess v. State,* 790 S.W.2d 856, at 860 (Tex.App.—Houston [14th] 1990). We granted appellant's petition for discretionary review to examine this holding.

### IB.

Appellant Archie pled guilty to the offense of possession of cocaine, and his punishment, also enhanced, was assessed at thirty years. On appeal he contended that he neither waived counsel nor invoked his right to self-representation, but only asserted that he did not want to be represented by the particular lawyer that was appointed to his case. He also complained that he could not validly waive counsel absent execution of the written waiver prescribed in Article 1.051(g), supra. The court of appeals held that appellant did not simply express a dissatisfaction with appointed counsel, but affirmatively waived counsel and asserted his right to represent himself. The court of appeals continued:

"Moreover, the court had no obligation to provide appellant with the waiver form

*suggested* in article 1.051(g). *Johnson v. State,* 760 S.W.2d 277, 290 (Tex.Cr.App. 1988). Furthermore, the record reflects that appellant made no objection to the trial court's failure to provide the form. *Williams v. State,* 774 S.W.2d [703,] at 705 citing TEX.R.APP.P. 52(a). Even if the form is required as a matter of right, a defendant in a criminal prosecution may waive any rights secured him by law except the right to trial by jury in a capital felony case. TEX.CODE CRIM. PROC.ANN. art. 1.14(a)."

*Archie v. State,* 799 S.W.2d 340, at 344 (Tex.App.—Houston [14th] 1990) (Emphasis in the original). See also *Williams v. State,* 774 S.W.2d 703, at 705–706 (Tex. App.—Dallas 1989, pet. ref'd). We granted appellant's petition for discretionary review to examine both the court of appeals' holding that appellant asserted his right to self-representation and that failure to secure the written waiver of counsel was not reversible error.

We begin with the question whether appellant Archie asserted his right to self-representation. Agreeing with the court of appeals that he did, we will then turn to the question whether reversible error follows from the failure of the trial court to require written waiver of counsel pursuant to Article 1.051(g), supra, before allowing an accused such as Archie or Burgess to proceed pro se.

## II.

By the time appellant Archie appeared for pre-trial motions and trial in his cause, on June 12, 1989, the trial court had already dismissed one appointed attorney and replaced him with another. On that day Archie filed a pro se motion requesting dismissal of his second appointed counsel. At the conclusion of a hearing on a motion to suppress, in which appointed counsel participated, Archie called his motion to dismiss counsel to the trial court's attention and informed the court that he had retained new counsel who was supposed to be present in the courtroom. The trial court carried the trial over to the next day, and meanwhile discovered that the attorney allegedly hired by Archie's mother had not been retained after all. Accordingly, on June 13, 1989, the trial court informed Archie that retained counsel:

"... has not and does not represent you. We are going to get a jury up here and try you today.

THE DEFENDANT: Well, your Honor, I object to going to trial and I want to represent myself in this case."

The trial court then proceeded to "be sure you understand what you are getting into." Archie related that he had completed "about a hundred and twenty hours" of course credit at a junior college, and had represented himself in a federal civil rights lawsuit. Further, as summarized by the court of appeals:

"The court advised appellant the rules of evidence and procedure as applied to lawyers would also apply to him. The court also informed appellant it would treat his objections in exactly the same manner as a lawyer's objections. In addition, the court admonished appellant he would be under the same rules of procedure and conduct required of a lawyer. Furthermore, the court warned appellant it would not 'cut [him] any slack' and would 'hold [him] to one hundred percent the same standard' to which a lawyer would be held. Finally, the court cautioned appellant the appellate court would also not 'cut him any more slack than they would for a regular lawyer.' "

799 S.W.2d at 342. After these admonishments were given appellant objected to going to trial that day on the ground that he had not had adequate time to prepare. The trial court overruled this objection, but offered to let appointed counsel remain as standby to advise Archie. Archie requested "another attorney to advise me." The trial court denied this request, and when Archie then objected "to this man representing me[,]" the trial court excused appointed counsel. Representing himself, Archie then proceeded to plead guilty pursuant to a plea agreement with the State.

■ Archie now contends that forcing a Hobson's choice between going to trial with unacceptable appointed counsel and self-

representation will render any supposed waiver of counsel involuntary. He relies on the opinion of the First Court of Appeals in *Privett v. State*, 635 S.W.2d 746 (Tex.App.—Houston [1st] 1982), which in turn cited this Court's opinions in *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977), *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979), and *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979). In our view, *Thomas* and *Robles*, both supra, are inapposite. In each case the trial court forced the accused to represent himself at trial upon no more than a complaint that he wanted present counsel dismissed from the case. Neither Thomas nor Robles asserted a desire to represent himself, much less waived the right to counsel. As Presiding Judge Onion observed in *Robles*, supra, at 703, "[t]his then is not the usual case where the accused affirmatively waives the right to counsel and demands the right of self-representation."

In *Renfro v. State*, supra, confronted with the choice of accepting appointed counsel he did not want or representing himself, the accused opted for the latter. This Court declared Renfro's waiver of counsel involuntary under these circumstances because it "was based solely on the court's refusal to appoint different counsel and not because he wished to forgo his right of representation." 586 S.W.2d at 500. The Court further observed that his decision to represent himself was not intelligently made as required by *Faretta v. California*, supra:

"The court made no inquiry into the appellant's age, educational background, legal experience, knowledge of the rules of evidence and trial procedure nor was the appellant made aware of the dangers and disadvantages of self-representation. In short, the record fails to demonstrate that the appellant's choice to represent himself was made with his 'eyes open.'"

586 S.W.2d at 500 (apparently quoting *Faretta*, which in turn quotes *Adams v. United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

 Archie unequivocally asserted his right to self-representation. Since *Renfro* this Court has observed that a trial court need follow no "formulaic questioning" or particular "script" to assure itself that an accused who has asserted his right to self-representation does so with eyes open. *Blankenship v. State*, 673 S.W.2d 578, at 583 (Tex.Cr.App.1984). See also *Martin v. State*, 630 S.W.2d 952, at 954 (Tex.Cr.App.1982); *Johnson v. State*, 760 S.W.2d 277, at 278 (Tex.Cr.App.1988) (Plurality opinion). It is required only that the record "contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make 'an assessment of his knowing exercise of the right to defend himself.' *Faretta*, supra, 422 U.S. at 836, 95 S.Ct. at 2541." *Blankenship v. State*, supra, at 583. The inquiries and admonishments in the instant case were sufficient to that end. *Id.; Martin v. State*, supra; *Johnson v. State*, supra. By all appearances Archie persisted in his assertion, requesting "another attorney" only to act in the capacity of standby counsel.[1]

 A request for a change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Webb v. State*, 533 S.W.2d 780, at 784 (Tex.Cr.App.1976); *Blankenship v. State*, supra, at 589–590, n. 9 (Clinton, J., concurring), and cases cited therein. A trial court has essentially three options when confronted with an accused who makes an eleventh hour request for change of counsel. First, at its discretion the court can appoint, or allow the accused to retain, new counsel. Second, should the trial court deny new counsel, and the accused un-

---

1. A request for hybrid representation is not necessarily inconsistent with assertion of the right to self-representation. As part of the admonishments the trial court should make clear that the accused has no right to standby counsel in the event he chooses self-representation, and should inform him whether in its discretion the court intends to allow it. "Thereafter, if he continues to insist on conducting his own defense, but only with the selective aid of counsel, it may be said his assertion of the right to self-representation is 'conditional,' and thus, equivocal—but not before." *Scarbrough v. State*, 777 S.W.2d 83, at 93 (Tex.Cr.App.1989).

equivocally assert his right to self-representation under *Faretta*, persisting in that assertion after proper admonishment, the court *must* allow the accused to represent himself. Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not. *Thomas v. State*, supra; *Robles v. State*, supra. In this cause, given the option to proceed with unwanted counsel or to represent himself, and adequately admonished as to the dangers and disadvantages, Archie persisted in his assertion of his right to self-representation. Implicit in that assertion is a valid waiver of the right to counsel. We perceive nothing unfair in putting an accused to this choice, so long as the trial court is satisfied he is competent to make it, and that he does so informedly and with eyes open. *Renfro* notwithstanding, under the present circumstances the trial court had no alternative but to respect Archie's right under *Faretta*.

### III.

■ Both Burgess and Archie argue that it was reversible error to allow them to proceed pro se without first securing their written waiver of the right to counsel under Article 1.051(g), supra. Subsections (f) and (g) of Article 1.051 read:

"(f) A defendant may voluntarily and intelligently waive in writing the right to counsel.

(g) If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings:

'I have been advised this ___ day of ___, 19__, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant)' "

The court of appeals panels held, respectively, that any error in allowing Burgess to represent himself without complying with this provision was subject to a harm analysis, and that Archie waived complaint on appeal because he failed to object at trial to the court granting his request for self-representation absent the written waiver of counsel. Although *dubitante* on both counts, we need not pass on the correctness of these holdings. Instead we hold that when an accused affirmatively asserts his right to self-representation under *Faretta v. California*, supra, a written waiver of the right to counsel is not required under the statute.

Appellants argue that the language of Article 1.051(f) and (g) is mandatory. Article 1.051 was promulgated in 1987 as part of Senate Bill 1108. See Acts 1987, 70th Leg., ch. 979, p. 3321, eff. Sept. 1, 1987. The bulk of Senate Bill 1108 concerned appointment and compensation of counsel for the indigent accused, amending Articles 26.04 and 26.05, V.A.C.C.P. In enacting Article 1.051(f) and (g), however, the Legislature also provided what the bill analysis to Senate Bill 1108 maintains had not theretofore appeared in the Code of Criminal Procedure, *viz:* "guidelines regarding the waiver of counsel[.]" A "guideline" is "an indication or outline of policy or conduct," Webster's New Collegiate Dictionary, G. & C. Merriam Co. (1977), and connotes something of a more directory than mandatory nature. It is true that under subsection (f) waiver is permitted "in writing," and, at least expressly, in no other way. Moreover, the trial court "shall" provide a statement substantially in the form prescribed in subsection (g), and, if the accused signs

the statement, "shall" file it as a part of the record of the proceedings. Ultimately, however, considering the "object sought to be attained," by Article 1.051(g), and "consequences" of construing it mandatorily, V.T.C.A. Government Code, §§ 311.002(2) and 311.023(1) & (5),[2] we reject appellants' construction. We reject it because, although requiring that waiver be in writing in every case would certainly protect the Sixth Amendment right to counsel, in some instances it would needlessly work to the derogation of the Sixth Amendment right to self-representation under *Faretta.*

■ Waiver of the constitutional right to counsel need not be in writing to be effective. *Gallegos v. State,* 425 S.W.2d 648, at 650 (Tex.Cr.App.1968); *Webb v. State,* supra, at 785. This is not to say, necessarily, that the State could not impose such a requirement as a matter of statute. Ordinarily there is no constitutional impediment to the State conditioning the waiver of a constitutional right upon the accomplishment of some procedural requirement, since failure to meet that requirement simply imposes upon the defendant "the very thing that the Constitution guarantees him." *Singer v. United States,* 380 U.S. 24, at 36, 85 S.Ct. 783, at 790, 13 L.Ed.2d 630, at 638 (1965). "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Id.,* 380 U.S. at 34–35, 85 S.Ct. at 790, 13 L.Ed.2d at 638. Accordingly, this Court has held, in effect, that the State can impose a jury trial upon a felony defendant, despite his knowing and intelligent waiver of same, without offending either State or federal constitution in any respect. *State ex rel. Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App. 1984).

■ The same cannot be said, however, of the Sixth Amendment right to representation by counsel. For under *Faret-*

ta, supra, an accused *does* have a constitutional right to insist upon the opposite of his right to counsel. *Faretta* recognizes an independent Sixth Amendment right of the accused to conduct his own defense, without participation of counsel, so long as he unequivocally asserts his right to do so, and the choice is made competently and with eyes open. *Martin v. State,* supra. Thus, although the State may constitutionally impose a jury trial even upon an accused who has knowingly and voluntarily waived his right to one, *Singer v. United States,* supra, it may not similarly impose a lawyer upon an accused against his express will.

Yet, if we construe Article 1.051(g) to be mandatory, the statute would in fact operate to impose counsel upon any defendant who refused to sign a written waiver, even though he may otherwise have validly waived counsel and invoked his *Faretta* right, and even though there is no constitutional requirement that a waiver of counsel be in writing.

The apparent intent of the Legislature in promulgating Article 1.051(f) and (g), supra, was to provide that any waiver of the right to counsel be memorialized in writing. No doubt the written statement was meant to serve both as evidence of the waiver itself, and, as appellants contend, to further impress upon the accused the significance of the right he proposes to waive. But the statement contained in subsection (g) does not suffice of itself to evidence a valid waiver of counsel. See *Lisney v. State,* 574 S.W.2d 144, at 146 (Tex.Cr.App. 1978). And indeed, the trial court does not even present the statement for the accused to sign until it has already advised him of "the dangers and disadvantages of self-representation" and determined "that the waiver is voluntarily and intelligently made"—all that is required for an accused to invoke his *Faretta* right to represent

---

**2.** Under § 311.002(2), supra, the Code Construction Act applies to any amendment of the Code of Criminal Procedure by the 60th or any subsequent legislature. § 311.023, supra, provides: "In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

\* \* \* \* \* \*

(5) consequences of a particular construction[.]"

himself. Whatever incremental protection of the right to counsel may derive from memorializing waiver of that right in writing cannot justify the impediment that requiring such a writing would pose to the independent Sixth Amendment right of an accused, who, having done all the Constitution requires to validly waive counsel and assert his right to self-representation, elects to dispense with counsel and proceed pro se. Were we to construe Article 1.051(f) and (g), supra, to be mandatory, as appellants urge, the consequence would be thus to impede the accused's *Faretta* right. We cannot believe the Legislature intended such a consequence.[3]

Both Burgess and Archie did everything the Constitution requires of them to waive counsel and assert their right to self-representation under *Faretta*. See *Martin v. State, Blankenship v. State,* and *Johnson v. State,* all supra. Had the trial court forced counsel upon them, we are quite certain appellants would now be arguing that their *Faretta* rights had been transgressed. And had the trial court denied them their *Faretta* rights for the explicit reason that they had failed to sign the statement prescribed by Article 1.051(g), we are equally sure appellants would be claiming that the statute is unconstitutional as applied to them—and this Court would be constrained to agree. Given these circumstances, we decline to hold that the statute is mandatory. In view of appellants' valid invocation of their *Faretta* right to self-representation, we hold the trial court did not err in failing to secure the written statement that would otherwise be called for by Article 1.051(g), supra, before allowing them to represent themselves.

Accordingly, the judgments of the court of appeals are affirmed.

---

**3.** Indeed, we must presume that in enacting Article 1.051(g), supra, the Legislature intended to accommodate the Sixth Amendment right to self-representation. V.T.C.A., Government Code, § 311.021.