NUMBER 13-99-046-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JORGE ALBERTO MARTINEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 206th District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant was charged with aggravated assault on a public
servant. A jury found appellant guilty and assessed his punishment at
confinement for two and one-half years.

 On the occasion of the commission of the offense involved here,
appellant had gone to a residence where his presence was not
welcomed. He was asked to leave, which he did, however, he returned
and stayed until a law officer arrived in reply to a call from the owner of
the house. An altercation took place in which appellant resisted arrest
and assaulted the officer.

 At trial, appellant appeared with an attorney. Shortly after the trial
began, he stated that he wanted to represent himself. It is obvious
from the record that appellant tried to turn the proceedings into a circus
from the onset.(2)
 The very patient judge admonished appellant of his
rights and of the danger of pro se representation. He also warned
appellant that he would remove him from the courtroom or bind and
gag him if he persisted in his disruptive tactics. The judge then
permitted appellant to proceed pro se. Appellant's attorney attempted
to withdraw, but the judge refused her request and ordered her to
remain in the courtroom to be available in the event appellant wanted
to consult her.

 Appellant's first two points of error are related. They are:

 Point of Error No. 1 ­ The trial court erred in allowing
defendant to proceed pro se, when the court created the
situation.


 Point of Error No. 2 ­ The trial court erred in allowing
defendant to proceed pro se, when the court failed to give
him adequate warnings on the danger of self-representation.


 In support of these points, appellant argues:

 The court considered preceding [sic] with the defendant
bound or gagged, or have him absent from the proceedings. 
Repeatedly, the defense counsel assigned to the defendant
tried to withdraw from representing him. In this coercive
environment, defendant requested that he be allowed to
defend himself.


 A defendant has a constitutional right to represent himself. 
Faretta v. California, 95 S.Ct. 2525, 2533 (1975). He must make this
decision knowingly and intelligently after the court has made him aware
of the dangers and disadvantages of self-representation. Id. at 2541. 
However, Faretta does not require specific questions to be asked, the
only requirement being that the admonishments be adequate to satisfy
the court that the defendant is knowingly exercising his right to defend
himself. Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992).

 The record in this case clearly shows that the trial judge fully
admonished appellant of what he was charged with and the range of
punishment therefor. He was advised that he was entitled to a lawyer
at no cost to him, and he acknowledged that he knew this. The court
further inquired of appellant's educational background and was told by
appellant that he had finished high school and had one year of college. 
The court warned appellant that he would make no special
accommodation to him and would expect him to follow the same rules
as an attorney. The court stated: "Self-representation is ill-advised and
may very well be a serious mistake on your part." At one point,
appellant acknowledged that the trial judge had warned him about the
dangers involved in representing himself.

 The record reflects that any mention by the court of restraining
appellant came in response to misconduct on appellant's part. 
Appellant's complaint that he was coerced into representing himself
after the court refused him different counsel is his own conclusion and
is not borne out by the record. It has been held that where an "eleventh
hour" request for new counsel has been requested, the court may deny
the request, in which case it must allow a defendant to represent
himself. Burgess v. State, 816 S.W.2d 424, 428-29 (Tex. Crim. App.
1991).

 Appellant's first and second points of error have no merit and we
overrule them.

 Point of error number three is:

 The trial court denied the defendant his right to a fair trial
and due process under the federal Constitution by:


 (1) allowing the admission of numerous extraneous
offenses


 (2) failing to allow the defense to introduce evidence


 (3) signing a hostile stand by counsel


 (4) not submitting probation consideration to jury


 (5) not submitting defensive issues of self-defense and
necessity.


Point of error four alleges that the same five actions of the court denied
appellant his right to a fair trial and due course of law under the Texas
Constitution.

 First, appellant does not claim, and the record does not support,
that appellant objected to any of the evidence that he now finds
objectionable, nor does it reflect that he requested probation or
instructions on self-defense or necessity to the jury. If appellant did not
receive what he perceives as a fair trial, it is because of his own
deficient performance, which is the subject of what the court warned
him about initially.

 The "key piece of evidence" is referred to in the argument in his
brief as "impeachment evidence." In both cases he refers to the
indictment, which he claims showed "Belinda Padilla was the owner of
the property not her brother Adrian." He would have used this to show
that Adrian did not own the property as he claimed.(3) Aside from the
fact that the indictment was already before the jury, we note that the
law defines an owner as a person who has title, possession of the
property, or a greater right to possession of the property than the actor. 
Tex. Penal Code Ann. sec. 1007 (34)(A) (Vernon 1994).

 Appellant characterizes his "standby counsel" as hostile. An
overview of the record indicates that counsel was not hostile to
appellant. It also suggests that any friction between her and appellant
was generated by appellant. A court has the authority to appoint
standby counsel even over the objection of an unwilling defendant. 
Culverhouse v. State, 755 S.W.2d 856, 861 (Tex. Crim. App. 1988).(4)

 Appellant cites no authority to support either of these points other
than global authority that he is entitled to a fair trial. We overrule his
final two points and AFFIRM the judgment of the trial court.

 

 NOAH KENNEDY

 Retired Justice


Do not publish.
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 8th day of February, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. For example, while the judge and the attorneys were out of the
courtroom, appellant addressed the jury panel to say that he wanted
twelve good volunteers from the panel.

3. Belinda and Adrian both lived at the residence involved. Appellant
had been dating Belinda and Adrian objected to this.

 
4. Culverhouse was a case where the defendant had physically
assaulted his standby counsel during an earlier hearing.