COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-156-CR
 
JACK D. MITCHELL, JR.                                                                   
APPELLANT
V.
THE STATE OF TEXAS                                                                    
   STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Jack D. Mitchell, Jr. appeals his
conviction for aggravated robbery with a deadly weapon. In two points, appellant
contends that the trial court erred by refusing his request for a new court
appointed attorney and failing to declare a mistrial. We affirm.
In his first point, appellant
contends that the trial court erred by refusing to appoint him a new attorney. A
defendant, however, does not have the right to his own choice of appointed
counsel. McKinny v. State, 76 S.W.3d 463, 477 (Tex. App.--Houston [1st
Dist.] 2002, no pet.); Garner v. State, 864 S.W.2d 92, 98 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd). Unless the defendant
shows adequate reason for the appointment of new counsel, he must accept the
counsel appointed by the court. McKinny, 76 S.W.3d at 477; Garner,
864 S.W.2d at 98. Thus, if a defendant is displeased with his appointed counsel,
he must bring the matter to the trial court's attention and prove that he is
entitled to new counsel. McKinny, 76 S.W.3d at 477; Garner,
864 S.W.2d at 99; see also Webb v. State, 533 S.W.2d 780, 784
n.3 (Tex. Crim. App. 1976). A request for change in counsel, however, cannot be
made so as to obstruct the orderly procedure in the courts or to interfere with
the fair administration of justice. Burgess v. State, 816 S.W.2d 424,
428-29 (Tex. Crim. App. 1991); Webb, 533 S.W.2d at 784.
Here, although counsel had been
appointed to the case for over a year, appellant waited until the day before
voir dire began to request a new attorney. Appellant contended that he did not
agree with counsel's defense strategies and would like to change lawyers. At the
conclusion of the guilt-innocence phase of the trial, however, he told the judge
that he was satisfied with his attorney's representation and made no further
complaints. Therefore, we hold that appellant waived error, if any, in the trial
court's refusal to grant his request for a new attorney. Cf. Norris v. State,
902 S.W.2d 428, 439 (Tex. Crim. App.) (holding that affirmative acceptance of
previously challenged evidence waives any error in admission), cert. denied,
516 U.S. 890 (1995); Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim.
App. 1992) (same), cert. denied, 507 U.S. 921 (1993). We overrule
appellant's first point.
In his second point, appellant
complains that the trial court erred by refusing to grant a mistrial.
Specifically, appellant contends that he was entitled to a mistrial because the
prosecution improperly commented on his failure to testify. It is true that the
failure of an accused to testify may not be the subject of comment by the State.
Montoya v. State, 744 S.W.2d 15, 34-35 (Tex. Crim. App. 1987) (op. on
reh'g), overruled on other grounds, Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996); Sauceda v. State, 859 S.W.2d 469,
474 (Tex. App.--Dallas 1993, pet. ref'd). However, an argument does not
impermissibly comment on the accused's failure to testify unless it calls the
jury's attention to the absence of evidence that only the defendant's testimony
could supply. Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999). Thus, to be improper, the argument must be
manifestly intended to be or be of such a character that the jury would
necessarily and naturally construe it as a comment on the accused's failure to
testify. Montoya, 744 S.W.2d at 35; Sauceda, 859 S.W.2d at
474.
In this case, appellant was charged
with aggravated robbery with a deadly weapon. Initially appellant denied any
involvement in the robbery. In his second statement to police, however, he
confessed to the crime. He stated that he was with his friend Tyrone Johnson
when they decided to commit a few robberies. Although Tyrone committed the first
robbery, appellant admitted that he had robbed the victim in this case. The
victim, however, could not positively identify appellant as his assailant.
Therefore, appellant's defense rested on the contention that he was not the
assailant. He contended that Tyrone had committed both robberies. The
prosecution responded by focusing its closing argument on appellant's second
statement to police. During argument, the prosecutor said, "And if you want
to think about Tyrone Johnson doing this, why didn't Jack Mitchell just say
Tyrone did it all?" Appellant objected to the statement on the ground that
it constituted an impermissible comment on his failure to testify. The trial
court sustained the objection, but denied appellant's request for a mistrial.
The prosecutor later stated that she was really questioning why appellant did
not say in his statement that Tyrone had committed both robberies.
Based on the record in this case,
we cannot say that the prosecutor's argument constituted a comment on
appellant's failure to testify. The prosecutor was merely pointing out that
appellant had the opportunity to blame Tyrone for both robberies when he gave
his written statement, but he failed to do so. See Wolfe v. State, 917
S.W.2d 270, 280 (Tex. Crim. App. 1996) (holding that prosecutor's references to
defendant's written statement were not comments on his failure to testify).
However, even if the statement did indirectly refer to appellant's failure to
testify, the trial court instructed the jury to disregard the statement. An
instruction by the trial court to disregard is generally sufficient to cure any
error which may have occurred. Dinkins v. State, 894 S.W.2d 330, 356
(Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995); Jackson v.
State, 745 S.W.2d 4, 15 (Tex. Crim. App.), cert. denied, 487 U.S.
1241 (1988). Only in the most blatant examples will the trial court's
instructions to disregard fail to cure any comments or questions by the
prosecutor on a defendant's failure to testify. Dinkins, 894 S.W.2d at
356. Thus, in this case, we hold that the trial court's instruction to disregard
was sufficient to cure any harm to appellant caused by the prosecutor's comment.
Accordingly, we overrule appellant's second point and affirm the trial court's
judgment.
 
                                                                   
   TERRIE LIVINGSTON
                                                                   
   JUSTICE
 
PANEL A: DAY and LIVINGSTON, JJ.;
and DAVID L. RICHARDS, J. (Sitting by Assignment).
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.