MITCHELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-156-CR

JACK D. MITCHELL, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jack D. Mitchell, Jr. appeals his conviction for aggravated robbery with a deadly weapon.  In two points, appellant contends that the trial court erred by refusing his request for a new court appointed attorney and failing to declare a mistrial.  We affirm.

In his first point, appellant contends that the trial court erred by refusing to appoint him a new attorney.  A defendant, however, does not have the right to his own choice of appointed counsel. 
 McKinny v. State
, 76 S.W.3d 463, 477 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.); 
Garner v. State
, 864 S.W.2d 92, 98 (Tex. App.—Houston [1
st
 Dist.] 1993, pet. ref'd).
 
 
Unless the defendant shows adequate reason for the appointment of new counsel, he must accept the counsel appointed by the court. 
 McKinny
, 76 S.W.3d at 477; 
Garner
, 864 S.W.2d at 98.  
Thus, if a defendant is displeased with his appointed counsel, he must bring the matter to the trial court's attention and prove that he is entitled to new counsel.  
McKinny
, 76 S.W.3d at 477; 
Garner
, 864 S.W.2d at 99
; 
see also
 
Webb v. State
, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976).  A request for change in counsel, however, cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.  
Burgess v. State
, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991);
 Webb
, 533 S.W.2d at 784. 

Here, although counsel had been appointed to the case for over a year, appellant waited until the day before voir dire began to request a new attorney. Appellant contended that he did not agree with counsel’s defense strategies and would like to change lawyers.  At the conclusion of the guilt-innocence phase of the trial, however, he told the judge that he was satisfied with his attorney’s representation and made no further complaints.  Therefore, we hold that appellant waived error, if any, in the trial court’s refusal to grant his request for a new attorney.  
Cf. Norris v. State
, 902 S.W.2d 428, 439 (Tex. Crim. App.) (holding that affirmative acceptance of previously challenged evidence waives any error in admission)
, 
cert. denied
, 516 U.S. 890 (1995); 
Jones v. State
, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 921 (1993).  
We overrule appellant’s first point.

In his second point, appellant complains that the trial court erred by refusing to grant a mistrial.  Specifically, appellant contends that he was entitled to a mistrial because the prosecution improperly commented on his failure to testify.  It is true that the failure of an accused to testify may not be the subject of comment by the State.  
Montoya v. State
, 744 S.W.2d 15, 34-35 (Tex. Crim. App. 1987) (op. on reh'g), 
overruled on other grounds
, 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); 
Sauceda v. State
, 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993, pet. ref'd).  However, an argument does not impermissibly comment on the accused’s failure to testify unless it calls the jury’s attention to the absence of evidence that only the defendant’s testimony could supply.  
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  Thus, to be improper, the argument must be manifestly intended to be or be of such a character that the jury would necessarily and naturally construe it as a comment on the accused's failure to testify.  
Montoya
, 744 S.W.2d at 35; 
Sauceda
, 859 S.W.2d at 474.   In this case, appellant was charged with aggravated robbery with a deadly weapon.  Initially appellant denied any involvement in the robbery.  In his second statement to police, however, he confessed to the crime.  He stated that he was with his friend Tyrone Johnson when they decided to commit a few robberies.  Although Tyrone committed the first robbery, appellant admitted that he had robbed the victim in this case.  The victim, however, could not positively identify appellant as his assailant.  Therefore, appellant’s defense rested on the contention that he was not the assailant.  He contended that Tyrone had committed both robberies.  The prosecution responded by focusing its closing argument on appellant’s second statement to police.  During argument, the prosecutor said, “And if you want to think about Tyrone Johnson doing this, why didn’t Jack Mitchell just say Tyrone did it all?”  Appellant objected to the statement on the ground that it constituted an impermissible comment on his failure to testify.  The trial court sustained the objection, but denied appellant’s request for a mistrial.  The prosecutor later stated that she was really questioning why appellant did not say in his statement that Tyrone had committed both robberies. 

Based on the record in this case, we cannot say that the prosecutor’s argument constituted a comment on appellant’s failure to testify.  The prosecutor was merely pointing out that appellant had the opportunity to blame Tyrone for both robberies when he gave his written statement, but he failed to do so.  
See Wolfe v. State
, 917 S.W.2d 270, 280 (Tex. Crim. App. 1996) (holding that prosecutor’s references to defendant’s written statement were not comments on his failure to testify).  However, even if the statement did indirectly refer to appellant's failure to testify, the trial court instructed the jury to disregard the statement.
  An instruction by the trial court to disregard is generally sufficient to cure any error which may have occurred.  
Dinkins v. State
, 894 S.W.2d 330, 356 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995); 
Jackson v. State
, 745 S.W.2d 4, 15 (Tex. Crim. App.), 
cert. denied
, 487 U.S. 1241 (1988).  
Only in the most blatant examples will the trial court's instructions to disregard fail to cure any comments or questions by the prosecutor on a defendant's failure to testify. 
 Dinkins
, 894 S.W.2d at 356.
  
Thus, in this case, we hold that the trial court’s instruction to disregard was sufficient to cure any harm to appellant caused by the prosecutor’s comment.  Accordingly, we overrule appellant’s second point and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 3, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.