IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,796






SELWYN PRESTON DAVIS, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. D-1-DC-06-904119


IN THE 390TH DISTRICT COURT


TRAVIS COUNTY





 Per curiam.


ORDER



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 390th District 
Court of Travis County, Cause No. D-1-DC-06-904119, styled The State of Texas v.
Selwyn Preston Davis. This Court will abate this appeal on its own motion and remand
the cause to the trial court. 

 In a case in which the death penalty has been assessed, direct appeal to this Court
is automatic. Tex. Code Crim. Proc. Art. 37.071 § 2(h). Thus, an appellant must either
be represented by counsel on direct appeal or he must proceed pro se. The record reflects
that the trial court has appointed counsel for appellant on direct appeal. A letter from
appellant indicates that he wants to effectively waive his right to counsel by "waiving" his
appeal. However, he does not assert his right to proceed pro se. Given this record, we
order the trial court to answer the following questions on the record:

 1. Does appellant understand that appellate review of a death sentence is
automatic under the law and cannot be waived?


 2. Understanding that a direct appeal is automatic under the law, does
appellant want to be represented by an attorney on his direct appeal or does
he knowingly and intelligently waive this right and choose to represent
himself?


 3. If appellant chooses to represent himself, has he been advised of the
dangers and disadvantages of self-representation? See, e.g., Burgess v.
State, 816 S.W.2d 424 (Tex. Crim. App. 1991).


 On the other hand, the law does not require the filing of an application for a writ of
habeas corpus. The record reflects that the trial court has also appointed counsel for the
purpose of filing an application for writ of habeas corpus on appellant's behalf. Given
the record, we order the trial court to answer these additional questions on the record:

 1. Does appellant wish to file an application for habeas corpus? 


 2. If appellant does not wish to file a habeas application, has he knowingly
and intelligently made the decision not to file? 


 3. If appellant does wish to pursue habeas relief, does he wish to be
represented by counsel or does he knowingly and intelligently waive
counsel and choose to represent himself?


 After the answers to these questions have been determined, the trial court is
directed to prepare the responses and any other appropriate findings of fact and
conclusions of law necessary to the resolution of the questions. The trial court clerk must
then prepare, certify, and file in this Court a supplemental clerk's record containing the
document or documents. This supplemental clerk's record is to be filed within 30 days of
the date of this order. 

 IT IS SO ORDERED THIS THE 19th DAY OF MARCH, 2008.

Do not publish