

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00269-CR

**JAMES GLYNN KEETON,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2013-2046-CR2

## MEMORANDUM OPINION

James Glynn Keeton was convicted of the offense of possession of marijuana, under two ounces, and sentenced to 140 days in jail. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010). Because the trial court adequately warned Keeton of the dangers and disadvantages of self-representation, Keeton's waiver of counsel was knowing and intelligent. The trial court's judgment is affirmed.

Keeton was arrested for possession of marijuana after a traffic stop. Before trial,

he decided to waive his right to counsel and proceed to trial acting as his own counsel. Keeton does not question the sufficiency of the evidence on appeal; thus, no further recitation of the facts is necessary.

In his sole issue on appeal, Keeton contends his waiver of his right to counsel was not knowingly and intelligently made. Specifically, Keeton argues that the trial court failed to make him aware of the "dangers and disadvantages of self-representation."

**SELF-REPRESENTATION**

The United States Supreme Court's foundational "self-representation" case, *Faretta v. California*, held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so." *Indiana v. Edwards*, 554 U.S. 164, 128 S. Ct. 2379, 171 L. Ed. 2d 345 (2008); *Faretta v. Cal.*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Once the right is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States*, 317 U.S. 269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942)). When advising a defendant about the dangers and disadvantages of self-representation, there is no litany for the trial court to use and "no formulaic questioning." *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988) (quoting *Blankenship v. State*, 673

S.W.2d 578, 583 (Tex. Crim. App. 1984)). Admonishments should include an effort to ensure that the defendant is aware of the practical disadvantages of representing himself. *Id*. Further, a defendant should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights. *Id*. at 279.

The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary. *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). To assess whether a waiver is effective, courts consider the totality of the circumstances. *Id*. This means that courts must examine "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Id*.

### ADMONISHMENTS AND EXPLANATIONS

In the case at hand, the trial court made the following inquiries of and explanations and admonishments to Keeton:

- inquired into Keeton's level of education, which included associates degrees in both Aeronautical Science and Arts;

- informed Keeton about the range of punishment for his case;

- explained the role of the court and the District Attorney after Keeton inquired about an unfiled resisting arrest out of the same incident as the current case;

- explained that Keeton had the right to counsel and that counsel would be appointed if Keeton was too poor to hire counsel;

- explained that Keeton could withdraw his request to represent himself and retain

an attorney at any time during the course of the proceedings;

- explained that anything that occurred prior to retaining counsel would remain in place and Keeton would not be allowed to go back and restart the process;

- explained that, if Keeton made an error that affects the outcome of his case, by hiring an attorney later he may not be able to repair the error;

- admonished Keeton that even with an associate's degree from college he was not qualified to practice law;

- admonished Keeton that he would have the responsibility of knowing the rules of evidence, procedure, local rules, time limits, deadlines and similar things under the law; and

- admonished Keeton that the court would not give any legal advice and would not correct any mistake that Keeton may make.

Keeton indicated that he understood all the trial court's explanations and admonishments.

Additionally, the trial court had previously ordered a competency evaluation of Keeton which was before the court at the time of the self-representation admonishments. The competency evaluation specifically inquired into Keeton's age, background, education, and prior criminal history. The evaluation revealed no mental impairment or distorted thought processes and also revealed that Keeton's intelligence was functioning in the middle of the normal range of intelligence.

**ARGUMENT**

Keeton advocates using the federal guide to determine whether Keeton was adequately admonished by the trial court. However, the Court of Criminal Appeals has

said that "no litany, 'no formulaic questioning'" is required. *Johnson v. State*, 760 S.W.2d 277, 278, (Tex. Crim. App. 1988). Accordingly, we decline to evaluate the trial court's admonishments based on the federal guide.

Keeton also seems to argue that because the trial court did not specifically tell Keeton that he would be treated the same as an attorney, the court's admonishments were deficient. Again, there is no formulaic questioning required. Further, while a defendant should be informed that he will not be granted any special consideration because he is proceeding pro se, in this case, the trial court, albeit indirectly, informed Keeton that he would have no special consideration by telling Keeton he could not restart the process on anything such as rulings on motions if Keeton subsequently hired counsel, subsequently hired counsel may not be able to correct any error previously made by Keeton, and the trial court could not give Keeton legal advice or correct Keeton if he was making a mistake. The fact that the trial court did not use the specific admonishments from another case that were found to be sufficient, *see Burgess v. State*, 816 S.W.2d 424 (Tex. Crim. App. 1991), is of no consequence.

**CONCLUSION**

Viewing the record in its entirety and based on the totality of the circumstances, we find the trial court adequately admonished Keeton of the dangers and disadvantages of self-representation, and thus, Keeton knowingly and intelligently waived his right to counsel. Keeton's sole issue is overruled.

Having overruled Keeton's sole issue, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
Do not publish
[CR25]

