# NO. 12-16-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONICA SHAW GIBSON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Monica Shaw Gibson appeals her conviction for making a false report to a police officer. Appellant raises two issues on appeal. We reverse and remand.

## BACKGROUND

The State charged Appellant with providing a false report to a police officer. At her arraignment, Appellant stated that she wished to represent herself and demanded a jury trial. Before beginning voir dire, Appellant waived her right to a jury trial. Following a bench trial, the trial court found Appellant guilty and sentenced Appellant to confinement for one hundred days in county jail. This appeal followed.

## SELF-REPRESENTATION

In her first issue, Appellant contends that the trial court erred by allowing her to waive her right to counsel and represent herself without first questioning her competency or properly admonishing her. She argues that her waiver was not made either competently or knowingly and intelligently and, as a result, she was denied the right to counsel.

**Applicable Law**

"In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. CONST. amend. VI.  The right to counsel is a fundamental right, and the "[c]ourts indulge every reasonable presumption against waiver and do not presume acquiescence in the loss of fundamental rights." *Williams v. State,* 252 S.W.3d 353, 356 (Tex. Crim. App. 2008).  But if a criminal defendant elects to proceed without counsel, he has a constitutional right to do so.  *See Indiana v. Edwards,* 554 U.S. 164, 170, 128 S. Ct. 2379, 2383, 171 L. Ed. 2d 345 (2008); *Faretta v. California*, 422 U.S. 806, 819–20, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975).  Several benefits associated with the right to counsel are relinquished upon a defendant's invocation of his right to self-representation.  *See Faretta.,* 422 U.S. at 835, 95 S. Ct. at 2541; *see also Williams,* 252 S.W.3d at 356.  To be constitutionally effective, a waiver of the right to counsel must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily.  *Moore v. State,* 999 S.W.2d 385, 396 (Tex. Crim. App. 1999).

The relevant question is whether the defendant was competent to waive the right to counsel, not whether she was competent to represent herself.  *Indiana,* 554 U.S. at 172, 128 S. Ct. at 2384; *see also Dunn v. State,* 819 S.W.2d 510, 523 (Tex. Crim. App. 1991).  Generally, the standard for waiving the right to counsel is no higher than that for competency to stand trial. *Chadwick v. State,* 309 S.W.3d 558, 560 (Tex. Crim. App. 2010).  In Texas, a defendant is competent to stand trial if she has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding or a rational and factual understanding of the proceedings against her.  *Fuller v. State,* 253 S.W.3d 220, 228 (Tex. Crim. App. 2008).  A competency determination is required only when there is sufficient evidence to create a bona fide doubt as to whether the defendant meets the test of legal competence.  *Moore*, 999 S.W.2d at 393.  Evidence is sufficient to create a bona fide doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant.  *Id.*

The decision to waive counsel and proceed pro se is made knowingly and intelligently if it is based on a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation.  *Collier v. State,* 959 S.W.2d 621, 626 (Tex. Crim. App. 1997).  A defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541 (quoting *Adams v.*

*ex. rel. McCann*, 317 U.S. 269, 279, 635 S. Ct. 236, 242, 87 L. Ed. 268 (1942)); *Williams,* 252 S.W.3d at 356. No formulaic questioning or particular script is required for a trial court to assure itself that an accused has asserted his right to self-representation with eyes open. *Burgess v. State,* 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). A valid waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses to the charges, any mitigating circumstances, and all other facts essential to a broad understanding of the whole matter. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). Furthermore, the trial judge must inform the defendant that there are technical rules of evidence and procedure and he will not be granted any special consideration solely because he asserted his pro se rights. *Williams,* 252 S.W.3d at 356.

A denial of the constitutional right to trial counsel is a structural defect that affects the framework of the trial. *Id.* at 357. Therefore, when the right is violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable. *Id.* When the record does not affirmatively show that the defendant was sufficiently admonished, it is reversible error and not subject to a harm analysis. *Id.*

## Analysis

At her arraignment, the trial court informed Appellant and several other individuals, as a group, that they had the right to an attorney, which meant they could hire one, ask the court to appoint one, or represent themselves. The trial court advised the group of the punishment ranges for both class A and class B misdemeanors but did not explain these ranges to each defendant individually. Each individual received a form entitled "Admonishment of Right to Counsel," which (1) stated that a defendant has the right to an attorney, and (2) gave each defendant the opportunity to waive the right to counsel and represent themselves.

When she had an opportunity to speak with the trial court, Appellant stated that she wished to represent herself and that she understood the charges against her. The trial court neither questioned Appellant about her decision nor warned her of the disadvantages of proceeding pro se. The court then set Appellant's case for trial. On the day of trial, the court confirmed that Appellant still wished to represent herself. At that time, the trial court confirmed with Appellant that she had no legal training and allowed her to continue pro se.

As part of her first issue, Appellant argues the trial court should have determined whether she was competent to waive her right to counsel. However, a competency determination is not

required unless there is evidence sufficient to create a bona fide doubt as to whether the defendant meets the test of legal competence. *Moore*, 999 S.W.2d at 393. Appellant has not pointed to any evidence that she was not competent to waive her right to counsel. Therefore, the trial court was not required to make a specific competency determination. *See id.*

Appellant also contends that she was not properly admonished regarding the disadvantages of self-representation. As a result, she urges that her waiver was not knowingly or intelligently made. As previously discussed, while there is no particular script required for admonishing a defendant, the trial judge must inform the defendant that she will not be granted any special consideration or relief from the technicalities of the rules of evidence and procedure solely because she elects to appear pro se. *See Williams*, 252 S.W.3d at 356; *see also Burgess*, 816 S.W.2d at 428. Additionally, waiver must be made with a full understanding of the dangers and disadvantages of self-representation. *See Farretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *see also Collier*, 959 S.W.2d at 626.

In the present case, the trial court asked Appellant whether she had any legal training, but did not inform Appellant of the disadvantages of proceeding to trial without an attorney. Before she waived her right to a jury, the trial court explained to Appellant that she would be responsible for making "legal objections" and that the court could not act as her lawyer. However, the trial judge did not specifically admonish Appellant that she would not be granted any relief from the technicalities of the rules of evidence and procedure. *See Buster v. State*, 144 S.W.3d 71, 77 (Tex. App.—Tyler 2004, no pet.) (determining trial court committed error but conducting harm analysis). Under these circumstances, we conclude that the trial court inadequately admonished Appellant. Consequently, her waiver of counsel was not made knowingly and intelligently and was constitutionally ineffective. *See Moore*, 999 S.W.2d at 396; *see also Collier*, 959 S.W.2d at 625. Because Appellant's right to counsel was violated, prejudice is presumed and we need not conduct a harm analysis. *See Williams*, 252 S.W.3d at 357. Accordingly, we sustain Appellant's first issue and do not address her second issue.[1] *See* TEX. R. APP. P. 47.1.

---

[1] In her second issue, Appellant contends the trial court violated her right to due process by not giving her an opportunity to review her presentence investigation report prior to the sentencing hearing.

## DISPOSITION

Having sustained Appellant's first issue, we *reverse* the trial court's judgment and *remand* the cause for a new trial.

**BRIAN HOYLE**
Justice

Opinion delivered December 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 27, 2016**

**NO. 12-16-00069-CR**

**MONICA SHAW GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-83181-15)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*