

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00182-CR

---

BRYAN ANTHONY VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 29915A, Honorable Dee Johnson, Presiding

---

February 13, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

After granting the State's motion to revoke his community supervision, the trial court found Appellant, Bryan Anthony Valdez, violated his probation and sentenced him to eight years' confinement for his original conviction for possession of a controlled substance.[1]  By his sole issue, he claims the trial court violated his Sixth Amendment

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

rights at the hearing on the motion to revoke because he did not consent to the appointed counsel's representation.[2]  We affirm.

## BACKGROUND

In 2022, Appellant was convicted by a jury of first-degree manufacture or delivery of 4–200 grams of a controlled substance under Penalty Group 1 of the Texas Health & Safety Code.[3]  Although sentenced to ten years' imprisonment, the sentence was suspended, and he was instead placed on community supervision for ten years.  In late 2023, the State filed a motion to revoke Appellant's community supervision based on his violations of the conditions of his probation, including use of methamphetamine, failure to report to his probation officer, and failure to complete required outpatient drug rehabilitation.  Appellant posted bail pending the outcome of the motion to revoke.

At the initial setting on the motion to revoke, Appellant expressed to the court his desire to hire his own attorney.  The trial court indulged his request and continued the hearing for thirty days to give him time to find counsel of his choice.  Because Appellant was unable to obtain his own counsel, the trial court subsequently appointed him an attorney.  When the hearing resumed, Appellant claimed he had been contacted by his appointed counsel the day before the hearing, spoke very briefly, and had not had a face-to-face meeting with him.  Appellant expressed his reservations about his appointed counsel's ability to represent him and told the trial court he did not approve of his

---

[2] Appellant's brief raised a second issue regarding the sufficiency of evidence of his competency. However, he provided no substantive argument or analysis, and the issue is therefore waived.  *See* TEX. R. APP. P. 38.1(i); *Frisco Med. Ctr., L.L.P. v. Chestnut*, 694 S.W.3d 226, 230 (Tex. 2024).

[3] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(d).

2

appointed counsel, but he also insisted he did not want to represent himself. The trial court denied Appellant's request for new counsel and gave him a choice: proceed with the appointed attorney or proceed pro se. Appellant refused to make a choice, and the trial court revoked his bail and ordered him into custody.[4]

The following month, the hearing resumed again, and again Appellant expressed his disapproval of his appointed counsel and reasserted his desire to choose his own attorney. After considering Appellant's request, the trial court determined appointed counsel was competent and the hearing proceeded with Appellant being represented by appointed counsel. At the conclusion of the hearing, the trial court, having found sufficient evidence of Appellant's violation of the conditions of his community supervision, revoked his community supervision and sentenced him to serve the remaining eight years of his sentence.

## ANALYSIS

Appellant's only issue complains he did not consent to his appointed counsel. He acknowledges a defendant does not have the right to choose his appointed counsel, but he complains the hearing should not have proceeded without his affirmative consent to the appointed counsel. We review Sixth Amendment claims regarding the appointment of counsel for an abuse of discretion. *Medley v. State*, 47 S.W.3d 17, 23–24 (Tex. App.—Amarillo 2000, pet. ref'd).

The lack of consent, he argues, violated his Sixth Amendment right to counsel. In support of his proposition, he cites several authorities regarding the "right to be present"

---

[4] This hearing was conducted by a judge sitting by assignment.

3

at the proceedings and to participate in his own defense, but he provides no authority, and we have found none, requiring *consent* to appointed counsel under the United States Constitution. On the other hand, his concession that a criminal defendant does not have a right to choose his appointed counsel is rooted in law.

A trial court has no duty to search for counsel agreeable to the defendant. *Suniga v. State*, No. AP-77,041, 2019 Tex. Crim. App. Unpub. LEXIS 128, at *8 (Tex. Crim. App. Mar. 6, 2019) (citing *King v. State*, 29 S.W.3d 556, 565–66 (Tex. Crim. App. 2000)). It is well-settled "[t]he defendant must accept counsel assigned by the court unless he effectively waives right to counsel in order to represent himself, or can show adequate cause for appointment of a different attorney." *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). While the trial court has discretion to appoint new counsel, "[a] request for a change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). Upon receiving a request for new counsel, the trial court may appoint new counsel, permit the defendant to retain his own counsel, or, at the insistence of the defendant, permit him to proceed pro se. *Id.* at 428–29. However, "unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not." *Id.* at 429.

Here, when the trial court asked Appellant why he wanted new counsel, Appellant did not raise any issue regarding the competence of his appointed counsel. The trial court was therefore within its discretion to deny his request for new appointed counsel. When Appellant also failed to retain his own counsel and did not wish to proceed pro se, the trial

4

court was required to proceed with the hearing with Appellant being represented by appointed counsel. Under these circumstances, the trial court did not abuse its discretion in denying Appellant's request for new counsel. His sole issue is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.